IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**LOUIS HAMLET,**

        **Plaintiff,**

**v.**                                                    **Case 2:24-cv-02250-SHL-cg**

**SHELBY COUNTY SHERIFF'S OFFICE,**

        **Defendant.**

---

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

---

Before the Court is Defendant Shelby County Sheriff's Office's ("Defendant" or "SCSO") Motion to Dismiss filed pursuant to Rules 4, 12(b)(4), 12(b)(6), and 12(f) of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") # 12). Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss be GRANTED without prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### I. Introduction

#### a. *Plaintiff's Complaint*

On April 18, 2024, Plaintiff Louis Hamlet filed a *pro se* Complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (D.E. #1). Specifically, Plaintiff alleges that Defendant discriminated against him on the basis of gender/sex (male) and

that the discriminatory acts occurred on July 22, 2021. (Compl. ¶ 6 & 7). Plaintiff does not allege retaliation in this portion of the Complaint form. (*Id*. ¶ 10). In Paragraph 10 of the *pro se* Complaint form, Plaintiff is asked to set forth the facts of his case and notes that the plaintiff may attach additional sheets as necessary. (*Id*. ¶ 10). Plaintiff wrote, "Please see document gender discrimination, Case # 490-2021-01947." (*Id*.)

Plaintiff's first addendum is entitled "Gender Discrimination Case # 490-2021-01947 Facts." (*Id*. at PageID 7-8). Plaintiff alleges that he was "subjected to unjust failed inspection for grooming" in July of 2021 because he wore his hair in braids. (*Id*. at PageID 7). Plaintiff alleges that female officers are permitted to wear their hair in braids but that male officers are not allowed to do so. (*Id*.) Plaintiff alleges that this failed inspection made him ineligible for promotion and prohibited him from working in specialized units. (*Id*.)

Plaintiff alleges that he filed a hostile work environment complaint with SCSO Human Resources and with the Shelby County Government's Equal Opportunity Complaint. (*Id*.) He alleges that both refused to investigate his complaints. (*Id*.) Plaintiff alleges that he then filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") and that, afterwards, he received constant retaliatory harassment from officers and supervisors. (*Id*.) As one example, Plaintiff alleges that SCSO Chief Claud Robinson told Plaintiff that he might be fired if he "pull[ed] a stunt" like braiding his hair again. (*Id*.)

Plaintiff alleges that, on April 15, 2023, he again filed a hostile work environment claim against Sergeant James Raddatz with SCSO's Human Resources. (*Id*.) Plaintiff's Complaint does not detail his claims against Sergeant Raddatz. (*Id*.) Plaintiff alleges that, following that complaint, and with knowledge of the pending EEOC complaint, he received a write-up with a three-day suspension without pay. (*Id*.) Plaintiff alleges that, on that same day, Sergeant Raddatz

threatened him that he would "get days off and taken off the overtime detail permanently." (*Id*.) Plaintiff alleges that these incidents also made him ineligible for promotion and unable to move to another division in the department. (*Id*.) Plaintiff alleges that he filed an EEOC complaint against the Shelby County Government, Equal Opportunity Compliance, in May of 2023 for failure to investigate his complaint against Sergeant Raddatz. (*Id*.)

Plaintiff alleges that, in August of 2023, SCSO assigned Sergeant Raddatz the duty of scheduling overtime. (*Id*. at PageID 8). Plaintiff alleges that Sergeant Raddatz removed him from the prison ward and jail transport detail that he had been working six days per week for a six-month period. (*Id*.) Plaintiff estimates that he lost $70,000 in overtime pay as a result of his removal from this detail. (*Id*.)

Plaintiff alleges that, in February of 2024, he filed an amended complaint of retaliation against Sergeant Raddatz and SCSO. (*Id*.) Plaintiff alleges that he has been retaliated against following this amended charge, including officers and supervisors telling him that Sergeant Raddatz "has to watch what he says to you because you have a lawsuit against him." (*Id*.) Plaintiff alleges that these comments demonstrate that the management is discussing his claims with everyone in the department. (*Id*.)

Plaintiff's Complaint then contains a number of exhibits filed as part of the same document. (*See* PageID 9 – PageID 63). Certain documents purport to demonstrate that he exhausted his administrative remedies. (*See* PageID 9 – PageID 15). The remaining documents are extensive evidence Plaintiff suggests supports his Complaint, including memoranda, emails, and photographs. (*See* PageID 16 (summary of evidence) & PageID 17 – PageID 63).

### *2. Defendant's Motion to Dismiss*

On May 10, 2024, Defendant filed its Motion to Dismiss. Defendant argues that Plaintiff's Complaint fails to state a claim for gender/sex discrimination and retaliation and fails to state a claim against the proper defendant such that his Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant alleges that the attachments to his Complaint should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure as redundant and/or immaterial. Finally, Defendant alleges that Plaintiff has failed to properly serve it because, while service was effectuated, the Complaint itself (but not the attachments thereto) was missing. Thus, Defendant argues that service was defective pursuant to Rule 4(c)(1) of the Federal Rules of Civil Procedure and that the case should be dismissed pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure.

Local Rule 12.1 provides that a "party opposing a motion to dismiss must file a response within 28 days after the motion is served." Plaintiff failed to do so. Accordingly, the Court issued an Order to Show Cause on July 8, 2024 directing Plaintiff to respond "as to why the Court should not consider the Motion on the record before it and file a Report and Recommendation recommending that the District Court enter an Order granting the Motion." (D.E. #14).

On July 19, 2024, Plaintiff filed his Response to the Order to Show Cause. (D.E. #15). Plaintiff's Response does not substantively address the issues presented in Defendant's Motion to Dismiss.

### II.   Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has

limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).  The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted).  District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### III.     Proposed Analysis and Conclusions of Law

The threshold question presented in SCSO's Motion to Dismiss is whether Plaintiff has named the proper defendant.  SCSO argues that it is not a separate, suable entity apart from Shelby County and that, as such, the claims against it must be dismissed.

It is well-settled that government departments are not suable entities. *Rodney Dotson v. Fayette Cty. Sheriff Dep't.*, 2024 WL 493924, at *3 (W.D. Tenn. Feb. 7, 2024) (citing *Johnes v. Union City, Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).  In *Dotson*, the plaintiff consented to as much and requested that the county defendant be substituted in place of the sheriff's department.  However, Plaintiff here has neither responded to SCSO's argument or requested that Shelby County be named in place of SCSO. Accordingly, it is RECOMMENDED that Plaintiff has failed to state a claim upon which relief

may be granted against SCSO and that Plaintiff's Complaint should be dismissed with leave to amend.[1]

Signed this 7th day of February 2025.

s/ Charmiane G. Claxton<br>
CHARMIANE G. CLAXTON<br>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[1] SCSO raises additional arguments in its Motion to Dismiss that it may contend warrants dismissal of this case without leave to amend. Namely, SCSO argues that Plaintiff failed to set forth any factual basis for his Complaint and that the Court should not be required to search through fifty-six pages of documents to attempt to determine the factual basis for Plaintiff's Complaint. (*See* Mot. to Dismiss at PageID 80-84).

Upon review of Plaintiff's Complaint and exhibits, when asked to state the factual basis of his claims, Plaintiff clearly wrote the following in the space provided under Paragraph 10: "Please see document Gender Discrimination Case # 490-2021-01947." (Compl. ¶ 10). Plaintiff's first exhibit is titled "Gender Discrimination Case # 490-2021-01947 Facts," and it contains a concise two-page summary of his factual allegations. (*See* Compl. at PageID 7-8). Thus, the Court does not consider Plaintiff's Complaint to require a "exploratory expedition through the dozens of pages of documents . . . to piece together his cause of action." (*See* Mot. to Dismiss at PageID 80). Further, while Defendant argues that Plaintiff "makes no allegation of lowered pay, demotion, or suspension or any other adverse action," (Mot. to Dismiss at PageID 82), Plaintiff does make such allegations in his brief summary of the facts. Accordingly, the Court does not find this argument to be a persuasive reason to prevent Plaintiff from having leave to amend his Complaint to name the proper party.