IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LOUIS HAMLET, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:24-cv-02250-SHL-cgc |
| SHELBY COUNTY SHERIFF'S OFFICE | ) |
| Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING COMPLAINT WITHOUT PREJUDICE BUT ALLOWING PLAINTIFF TIME TO AMEND**

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation ("R&R"), filed February 7, 2025. (ECF No. 16.) The deadline to respond to the R&R was February 21. Although pro se Plaintiff Louis Hamlet did not file a response to the R&R, on February 13, he filed a document titled "Plaintiff's Response to Order to Show Cause." (ECF No. 17.) There, he stated his objections to granting Defendant Shelby County Sheriff's Office's ("SCSO") Motion to Dismiss, which was the subject of the R&R. (Id. at PageID 99–100.) SCSO did not respond to the R&R.

In the R&R, Judge Claxton recommends that the Court dismiss Hamlet's complaint without prejudice for failure to state a claim upon which relief can be granted. As discussed below, the Court agrees.

**BACKGROUND**

On April 18, 2024, Hamlet filed a complaint alleging that SCSO discriminated against him based on his gender, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. (ECF No. 1.) He contends that he was "subjected to unjust failed inspection for grooming"

in July 2021 because his hair was braided, but female officers are permitted to wear their hair in braids. (Id. at PageID 7.) Hamlet alleges that, because of the failed inspection, he was ineligible for promotion and forbidden from working in certain units. (Id.) He states that he filed a complaint with the EEOC and, after filing, he was subjected to retaliatory harassment from supervisors and officers. (Id.)

SCSO filed a Motion to Dismiss under Federal Rules of Civil Procedure 4, 12(b)(4), 12(b)(6), and 12(f) on May 10. (ECF No. 12.) Hamlet did not timely respond and, on July 8, he was directed to respond to the Motion or show good cause regarding why the Motion should not be granted by July 22. (ECF No. 14.) He filed his response to the Court's order on July 19, expressing opposition to SCSO's Motion. (ECF No. 15.)

### THE R&R

The R&R asserts that, to the extent Hamlet alleges violations of Title VII of the Civil Rights Act of 1964, his complaint fails to name a proper defendant.[1] Here, Hamlet filed an action against SCSO. (See ECF No. 1.) SCSO argues that the Shelby County Sherriff's Office, as an office with Shelby County Government, cannot be sued, though the County itself would be a proper party in this action. (ECF No. 12-1 at PageID 82–83.) Because a claim against an improper party cannot proceed and Hamlet brought his action against an office within Shelby County (SCSO), rather than the County itself, Judge Claxton recommends dismissal. (ECF No.

---

[1] Although the Motion to Dismiss includes arguments that (1) Hamlet has failed to state facts sufficient to allege a gender discrimination case under Rule 12(b)(6), (2) he has failed to properly serve a copy of the Complaint on Defendant in accordance with the federal rules, and (3) Hamlet's redundant arguments should be stricken under Rule 12(f) (ECF No. 12-1 at PageID 80–83), the R&R only addresses SCSO's argument that Hamlet failed to name a proper defendant (see ECF No. 16). This Order will thus do the same.

16 at PageID 97–98.)  Nevertheless, she concludes that Hamlet should be given leave to amend and name a proper defendant against whom he can bring his Title VII case.  (Id. at PageID 98.)

## ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim.  28 U.S.C. § 636(b)(1)(B).  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Between the R&R's filing and the February 21 deadline for objections, Hamlet filed his "Response to Order to Show Cause."  (ECF No. 17.)  There, he argues that, based on EEOC findings, alleged admitted facts from SCSO, and an alleged notice of right to sue from the Department of Justice's Civil Rights Division, SCSO's Motion to Dismiss should be denied.  (Id. at PageID 99–100.)  Hamlet's filing repeats what he argued in response to the Motion (compare ECF No. 15 with ECF No. 17), though he does include exhibits from the EEOC (ECF No. 17-1).  However, in Hamlet's most recent filing, he does not mention the R&R or Judge Claxton's analysis.  (See ECF No. 17.)

When a party objects to an R&R, their objections must be so specific that the Court can "discern those issues that are dispositive and contentious."  Ragland v. F & M Koz, Inc., No. 2:21-cv-02530-TLP-cgc, 2022 WL 945317, at *4 (W.D. Tenn. Mar. 29, 2022) (quoting Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)).  These must be "specific challenges to the magistrate

judge's conclusions." Hudson v. McDonough, No. 2:21-CV-02572-TLP-ATC, 2024 WL 4326817, at *2 n.1. (W.D. Tenn. Sept. 26, 2024) (internal citation omitted).  Additionally, conclusory statements are not considered to be "specific objections." Slater v. Potter, 28 F. App'x 512, 513 (6th Cir. 2002) (citing Miller, 50 F.3d at 380).

Assuming Hamlet intended to object to the R&R with the new Response to Order to Show Cause, his February 13 filing misses the mark.  Hamlet offers general statements of disagreement and fails to reference the R&R or Judge Claxton's analysis.  Because Hamlet's objections include conclusory statements and improper proof, his objections cannot be considered to be specific.

Given the lack of specific objections, the Court reviews the R&R in its entirety for clear error and finds none.  The R&R properly describes Hamlet's failure to state a proper defendant, and the Court agrees that the case should be dismissed without prejudice.  Even if a de novo standard was applied, the result would be the same.

## CONCLUSION

Therefore, the Court **ADOPTS** the R&R, **GRANTS** Defendant's Motion to Dismiss, and **DISMISSES** Hamlet's complaint **WITHOUT PREJUDICE**.  Should Hamlet wish to file an amended complaint and name a proper party so that his case could be heard against an appropriate defendant, he is **ORDERED** to do so within thirty days (by Wednesday, March 26, 2025).  If he fails to do so, judgment will be entered in this matter.

**IT IS SO ORDERED,** this 24th day of February, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE